This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              NO. A-1-CA-37054

**AMADEO SALGUERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant Amadeo Salguero appeals his convictions for kidnapping, aggravated burglary, aggravated battery, aggravated assault with a deadly weapon, attempted armed robbery, and conspiracy to commit kidnapping. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition and a motion to amend the docketing statement raising a double jeopardy challenge, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we reject Defendant's argument that his right to be free from double jeopardy was violated. We therefore affirm.

**DISCUSSION**

{2}     Defendant continues to argue that his right to due process and a fair trial was denied by the district court's admission of photo lineup identifications of him at trial. Defendant argues that the photo lineup by which he was identified by two witnesses was impermissibly suggestive, and the district court should have granted his motion to suppress the identifications. [DS 3-4; MIO 1-2] "We apply a two-part test to determine whether an out-of-court photographic identification is admissible." *State v. Salgado*, 1999-NMSC-008, ¶ 16, 126 N.M. 691, 974 P.2d 661. We first consider whether the procedure employed was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *State v. Johnson*,

2004-NMCA-058, ¶ 13, 135 N.M. 567, 92 P.3d 13. If so, then we then ask whether the identification was nonetheless reliable under the totality of the circumstances. *State v. Cooper*, 1998-NMCA-180, ¶ 24, 126 N.M. 500, 972 P.2d 1. In reviewing a photo array, " '[t]he size of the array, the manner of its presentation by the officers, and the details of the photographs themselves' should be considered when a court determines whether a photographic identification was impermissibly suggestive." *Salgado*, 1999-NMSC-008, ¶ 17 (quoting *United States v. Sanchez*, 24 F.3d 1259, 1262 (10th Cir. 1994)).

{3}     Defendant makes no argument, in either his docketing statement or his memorandum in opposition, that the size of the array or the manner of presentation by the officers rendered the array impermissibly suggestive. Defendant argued in his docketing statement only that his picture in the photo array was different from the others because his head is slanted to the right and "spaced differently" than the other individuals. [DS 3] We stated in our notice of proposed summary disposition that it was not clear from either the record or the docketing statement what Defendant meant when he said his photo was "spaced differently" from the others. [CN 3] *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that this Court will "not review unclear or undeveloped arguments [that] require us to guess at what

[the party's] arguments might be"). Defendant has not clarified or expanded on this argument in his memorandum in opposition.

{4} Additionally, a bare assertion that Defendant's head was uniquely slanted in the photo array is insufficient to require suppression of the identifications because Defendant has not established that this rendered the array impermissibly suggestive. *See State v. Stampley*, 1999-NMSC-027, ¶ 17, 127 N.M. 426, 982 P.2d 477 (rejecting the argument that the array was impermissibly suggestive because the defendant's head was tilted back and he was the only one wearing a t-shirt where nothing in the record existed to establish that the purported differences in posture, clothing, and body build were unduly suggestive and noting that "[a]ny array composed of different individuals must necessarily contain certain differences" (internal quotation marks and citation omitted)). We therefore reject this assertion of error.

{5} Defendant has not responded to our proposed summary disposition of the other issues he raised in his docketing statement: that the evidence was insufficient to support his convictions and that he was denied a fair trial due when the district court allowed witnesses to identify him in court. [MIO 2] We therefore affirm on those issues for the reasons stated in our notice of proposed summary disposition.

{6} Finally, we address Defendant's motion to amend the docketing statement. Defendant argues that he was subject to a double jeopardy violation by his convictions

for four counts of aggravated assault based on his threatening four individuals with a gun. [MIO 2-4] Defendant acknowledges that this issue was decided by our Court in *State v. Roper*, 2001-NMCA-093, ¶ 12, 131 N.M. 189, 34 P.3d 133 (holding that double jeopardy principles are not offended when a defendant is convicted and sentenced for "two counts of assault for pointing a gun at two persons at the same time"). [MIO 3] However, Defendant argues that *Roper* was incorrectly decided and that our decision in *Roper* stands in opposition to this Court's decision in *State v. Castañeda*, 2001-NMCA-052, ¶ 18, 130 N.M. 679, 30 P.3d 368, in which we held that the defendant could only be convicted of one count of child abuse based on driving while intoxicated with three children in the car. [MIO 3-4] We addressed this same argument in *Roper*, however, and we decline to revisit that decision. We therefore reject Defendant's argument that his convictions for four counts of aggravated assault based on his pointing a gun at and threatening to kill four people violate double jeopardy.

{7}     For these reasons and those set out in our notice of proposed summary disposition, we affirm Defendant's convictions.

{8}     **IT IS SO ORDERED**.


_____

**LINDA M. VANZI, Chief Judge**

5

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____
**STEPHEN G. FRENCH, Judge**